UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lee Roy Sewell, | ) | C/A No. 4:14-3916-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Magistrate Judge James T. Rodgers, | ) | |
| County of Dillon, SC | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action filed by a *pro se* litigant appearing *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff has filed a brief complaint in which he expresses dissatisfaction with the manner in which a hearing over which Defendant Magistrate Judge Rodgers presided was conducted, as well as the resulting ruling. Plaintiff asks for injunctive relief as well as monetary damages.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

1

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980)*(per curiam)*. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the *pro se* Complaint in this case is subject to summary dismissal.

## **DISCUSSION**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law. Section 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)

(quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

> Section 1983 provides, in relevant part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

42 U.S.C. § 1983. To establish a claim under § 1983, a Plaintiff must prove two elements: (1) that the Defendant "deprived [the Plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the Plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir.2001) (third alteration in original) (citation and internal quotation marks omitted)

Plaintiff has sued Judge James Rodgers, a magistrate judge for Dillon County. Plaintiff's claims against this judicial officer based on his respective official participation and resulting judicial rulings made in relation to a court case involving Plaintiff are barred by the doctrine of absolute judicial immunity. The Fourth Circuit has offered the following relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

Furthermore, to the extent that Plaintiff's complaint seeks injunctive relief against this judicial officer, such claims are barred by 42 U.S.C. § 1984, which states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*Id*. (emphasis added).

Since there is no existing declaratory decree involved and no legal basis shown for entry of any declaratory judgment requested in this case, any claims by Plaintiff for injunctive relief against this judicial officer is statutorily barred. *Catanzaro v. Cottone*, 228 Fed. Appx. 164 (3d Cir. April

4

5, 2007); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31, 2007).

Plaintiff also names Dillon County as a Defendant, based on his assertion that Dillon County "employs" the magistrate judge. Dillon County cannot be held liable for actions of the magistrates' courts for Dillon County. It can be judicially noticed that, in South Carolina, a County's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973. See Act No. 58, 1973 S.C. Acts 161; S.C. Const. Art. V, § 1; and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[1]

Under the current version of S.C. Const. Art. V, § 1, the Supreme Court of South Carolina, not Dillon County, retains the sole authority to supervise magistrates' courts, municipal courts, Family Courts, Probate Courts, and Courts of General Sessions in Dillon County. *See Spartanburg County Dept. of Social Services v. Padgett*, 296 S.C. 79, 370 S.E.2d 872, 875–76 & n. 1 (1988). By virtue of Article V, a County does not exercise administrative or supervisory authority over municipal courts, magistrates' courts, or courts of the State of South Carolina located within the geographical boundaries of the particular County. Consequently, Dillon County should be dismissed as a Defendant from this case.

---

[1]County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented. *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case without prejudice. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25. Plaintiff's attention is directed to the important notice on the next page. to the important notice on the next page.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

October 31, 2014
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).