IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lee Roy Sewell,           ) | Civil Action No.: 4:14-cv-3916-RBH |
|                           ) | |
|     Plaintiff,            ) | |
|                           ) | |
| v.                        ) | **ORDER** |
|                           ) | |
| Magistrate Judge James T. Rogers, ) | |
| County of Dillon, SC,     ) | |
|                           ) | |
|     Defendants.           ) | |
|                           ) | |

Plaintiff Lee Roy Sewell, ("Plaintiff"), proceeding *pro se*, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on October 8, 2014. *See* Compl., ECF No. 1. A few weeks later, Plaintiff also filed what is styled a "Motion for Sanctions Based Upon Spoliation of Evidence in Civil Case," indicating that he seeks damages against Defendants for their "deliberate and willful destruction of evidence." *See* ECF No. 7 at 2–3. This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III.[1] *See* R & R, ECF No. 10. In the R & R, the Magistrate Judge recommends that the Complaint be dismissed without prejudice. *See id.* at 6. Plaintiff timely filed objections to the R & R on November 12, 2014. *See* Pl.'s Objections, ECF No. 12. Plaintiff then filed a motion for summary judgment on April 30, 2015. *See* Pl.'s Mot, ECF No. 15.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

**DISCUSSION**

In the R & R, the Magistrate Judge notes that Plaintiff's complaint alleges dissatisfaction with the manner in which Defendant Magistrate Judge James T. Rodgers ("Defendant Judge Rogers") presided over a hearing, as well as his resulting ruling. *See* ECF No. 10 at 1; *see also* ECF No. 1 at 3. The Magistrate Judge reasons that Plaintiff's claim for damages against Defendant Judge Rogers is barred by absolute judicial immunity, as his claim is based on Judge Rogers's official participation in a hearing and his resulting judicial ruling. *See* ECF No. 10 at 3. Moreover,

2

the Magistrate Judge explains that to the extent Plaintiff seeks injunctive relief against this judicial officer, his claim is barred by 42 U.S.C. § 1984, which specifically prohibits such relief unless a declaratory decree was violated or was unavailable. *See id.* at 4. The Magistrate Judge details that Plaintiff has not shown any existing declaratory decree was violated or any legal basis for entry of any declaratory judgment. *See id.* at 4–5. Finally, the Magistrate Judge notes that Plaintiff named Defendant Dillon County as a Defendant based on his assertion that it "employs" Judge Rogers. As the Magistrate Judge explains, however, a County's authority over courts within its boundaries was abolished when Article V of the South Carolina Constitution was ratified in 1973. *See id.* at 5. The Supreme Court of South Carolina retains sole authority to supervise magistrates' courts, and thus the Magistrate Judge finds that Dillon County should be dismissed as a Defendant. *See id.*

Plaintiff timely filed objections. Plaintiff's objections deal solely with the issue of judicial immunity. Plaintiff asserts that Judge Rogers improperly handled a show cause hearing in which Plaintiff was a participant in violation of South Carolina law. *See* ECF No. 12 at 1–2. Plaintiff contends that the concept of judicial immunity is controversial and conflicts with civil rights afforded the citizens. *See id.* at 2. Plaintiff argues that it is clear that state law and civil rights laws were violated and it is unethical to allow the official of the law to evade the law by virtue of this doctrine. *See id.* at 3. Finally, Petitioner reiterates that Judge Rogers's mishandled the hearing and violated the procedural rules he was supposed to follow. *See id.* at 4–5.

Plaintiff does not address the Magistrate Judge's analysis regarding Defendant Dillon County. Accordingly, finding no clear error, the Court adopts the Magistrate Judge's analysis as its own and dismisses Defendant Dillon County.

With regard to Defendant Judge Rogers, the Court agrees with the Magistrate Judge that he is entitled to judicial immunity.  Plaintiff does not address the precedent cited by the Magistrate Judge in the R & R.  Instead, he simply argues that the concept of judicial immunity is unfair and cites to cases from other jurisdictions which question the doctrine.  The Court agrees with the Magistrate Judge, however, that it is well settled that judicial officers are entitled to absolute immunity for acts taken in connection with their judicial authority and responsibility.  *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Chu v. Griffeth*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial action.").  The allegations of Plaintiff's complaint deal solely with Judge Rogers's handling of a hearing and his subsequent ruling, actions which are clearly encompassed by the privilege.  Accordingly, the Court finds that Plaintiff's Complaint should also be dismissed as to Defendant Judge Rogers.

In light of the foregoing, Plaintiff's motion for sanctions and motion for summary judgment are moot.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's Complaint, Plaintiff's motion for sanctions, the R & R, Plaintiff's objections to the R & R, Plaintiff's motion for summary judgment, and applicable law.  For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED**, *without prejudice*.  **IT IS FURTHERER ORDERED** that Plaintiff's motion for sanctions and motion for summary judgment are **FOUND AS MOOT**.

**IT IS SO ORDERED.**

                                             s/ R. Bryan Harwell
                                             R. Bryan Harwell
                                             United States District Judge

Florence, South Carolina
May 6, 2015